UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS DEL RIO
DIVISION

FILED
OCT 2 2 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff*<br><br>VS<br><br>(2) GETHSEMANY HERNANDEZ<br>*Defendant* | §<br>§<br>§<br>§   Case No. DR-21-CR-01292-DC<br>§<br>§<br>§ |

## ORDER REVOKING SUPERVISED RELEASE and RESENTENCING OF DEFENDANT

On October 20, 2025, came on to be heard the Petition for Revocation of Supervised Release granted by virtue of Judgment entered on January 19, 2024, in the above numbered and styled cause.

Defendant appeared in person and was represented by the attorney of record, Juan Neri. The United States was represented by Assistant United States Attorney, Sarah Wannarka.

After reviewing the petition and the records in this case as well as hearing testimony and arguments of counsel, the Court is of the opinion that said Defendant has violated the provisions of his Supervised Release and that the ends of justice and the best interests of the public and of the Defendant will not be subserved by continuing said Defendant on Supervised Release. Further, the Court is of the opinion that the Petition for Revocation of Supervised Release should be, and it is hereby **GRANTED**.

**IT IS THEREFORE ORDERED** that the term of Supervised Release of Defendant named above granted by the Judgment entered on January 19, 2024, and it is hereby **REVOKED** and **SET ASIDE** and the Defendant is resentenced as follows:

The Defendant, GETHSEMANY HERNANDEZ, is hereby committed to the custody of the United States Bureau of Prisons for a term of **EIGHT (8) MONTHS**. A term of **TWENTY-EIGHT (28) MONTHS** Supervised Release is imposed with all Mandatory and Standard Conditions approved for the Western District of Texas and all conditions previously imposed and not yet completed, in addition to the following special conditions:

The defendant shall abstain from the use of alcohol and any and all intoxicants.

The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program shall include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay the costs of such treatment based on the ability to pay.

The defendant shall not use or possess any controlled substances without a valid prescription. If a valid prescription exists, the defendant must disclose the prescription information to the probation officer and follow the instructions on the prescription.

The defendant shall submit to substance abuse testing to determine if the defendant has used a prohibited substance. The defendant shall not attempt to obstruct or tamper with the testing methods. The defendant shall pay the costs of testing based on the ability to pay.

The defendant shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.
The defendant will attend and participate in a General Equivalency Diploma (GED) Program while

incarcerated or under Supervised Release.

       The defendant shall provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

       The defendant shall not incur new credit charges, or open additional lines of credit without the approval of the Court.

       If the judgment imposes a financial penalty, the defendant shall pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. The defendant shall notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

       The defendant shall reside in a residential reentry center for a period of SIX (6) months and shall observe the rules and regulations of that facility. Further, once employed, the defendant shall pay 25% of his weekly gross income for his subsistence as long as that amount does not exceed the daily contract rate.

       The defendant shall complete SEVENTY-FIVE (75) hours of community service within TWELVE (12) months. The probation officer will supervise the participation in the program by approving the program (agency, location, frequency of the participation, etc.). The defendant shall provide written verification of completed hours to the probation officer.

       The defendant shall pay any outstanding fine balance in the amount of $50.00 per month with the first payment due no earlier than 60 days from the date of release from imprisonment.

       The Clerk will provide the United States Marshal Service with a copy of this Order to serve as the commitment of the Defendant.

       SIGNED this 22nd day of October, 2025.

**David Counts**
United States District Judge